WILLIAMS, Judge.
This is an appeal from a decision of the trial court awarding plaintiff Joseph D. Langston $9,000.00 for injuries he received in an accident with a New Orleans Public Service, Inc. [“NOPSI”] bus.
On November 5, 1979, plaintiff, while driving a van for his employer, was involved in an accident with a NOPSI bus driven by defendant James Marsalis. Plaintiff sued Marsalis and NOPSI for his injuries. After trial before a judge, plaintiff was awarded $9,000.00 for pain and suffering. Defendants now appeal from the amount of general damages awarded.
Immediately after the accident, plaintiff was taken to the Emergency Room at Charity Hospital. The Emergency Room Report reveals that plaintiff suffered a two centimeter laceration that was sutured at that time. Plaintiff also complained of blurred vision, headaches, and pain in his hip and lower back. On November 12, plaintiff consulted with Dr. Wilmot F. Ploger for headaches and pains in his left knee and lower back. Ploger continued treatment until January 14, at which time his report indicates that plaintiff was working and was “pain free.” Approximately two months later, plaintiff returned to Dr. Ploger complaining that he had begun suffering some pain two weeks previously, after turning over in bed. The doctor’s report indicates that there were no spasms and that plaintiff had a full range of motion, although he was suffering some tenderness. The doctor stated in his report that these symptoms could possibly have been a result of plaintiff’s accident. The doctor prescribed Anacin for relief of the pain and requested that plaintiff return if the symptoms persisted. Dr. Ploger thought that plaintiff should be able to return to work. The report of Dr. James Williams, who examined plaintiff for defendants, indicated that on December 20, 1979, plaintiff complained that he was suffering from almost constant back pain and occasional headaches. After examining plaintiff, Dr. Williams could find no explanation for his continued pain. Before trial, all of the medical reports were admitted into evidence by stipulation.
Defendants’ counsel claims in brief to this court that the trial judge did not review any of the written medical testimony before making his decision and relied solely upon the testimony of the plaintiff, although the medical reports were entered into evidence by stipulation. There is no evidence to support this claim.
Plaintiff was unable to work for three weeks because of pain. He suffered headaches and pain in his left knee. He also suffered back pain, on and off, for over four months, which could possibly have been attributable to the accident. Based upon a review of the testimony and evidence, we cannot hold that the trial court was in error in awarding $9,000.00 to plaintiff. This amount is within the trial judge’s much discretion. La.C.C. art. 1934(3). Although not manifestly erroneous, the award is more than generous and tests the upper *737 most limit of the trial courts discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Indus., 341 So.2d 332 (La. 1977).
For the foregoing reasons, the decision of the trial court is affirmed, all costs of this appeal are to be borne by appellants.